. 2011 Ark. App. 378

**Richard PERCEFULL, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 10–1173.**

Court of Appeals of Arkansas.

May 25, 2011.

Gregory Karl Crain, Malvern, for appellant.

Dustin McDaniel, Atty. Gen., Little Rock, for appellee.

ROBERT J. GLADWIN, Judge.

Appellant Richard Percefull was convicted by a Hot Spring County jury of manufacturing marijuana and sentenced to four-years' imprisonment and a $5,000 fine. He appeals, asserting that the trial court erred by denying his motion to suppress the marijuana as the fruit of an unreasonable search; by overruling his objection to the prosecutor's voir dire questions suggesting that marijuana was a "gateway drug"; by allowing the introduction of a crime-lab submission sheet that had not been provided to him in discovery; by denying his motions for directed verdict; and by refusing to instruct the jury to consider possession of marijuana as a lesser-included offense of manufacturing marijuana. We affirm his conviction.

Lieutenant Jim Bailey with the Malvern Police Department testified that he was contacted by a man who claimed to own pigs that were being raised on appellant's property. This man had worked as a confidential informant for Lt. Bailey in the past. The informant told Lt. Bailey that appellant had marijuana growing on the property and that he was concerned and did not want to check on his pigs without contacting someone to go with him. Lt. Bailey testified that he saw signs advertising "pigs for sale" at 204 Camp Road, which is appellant's address. He spoke with detectives before going onto the property, noting that he suspected marijuana growing on the property. When he and the informant arrived at the property, appellant was not home.

Lt. Bailey testified that when he and the informant walked up the steps off the driveway that led to the pig pens, they could see the marijuana that was growing behind the Styrofoam wall that was built along the edge of the driveway. Lt. Bailey then contacted the Hot Spring County Sheriff's Department so that a search warrant could be obtained. Lt. Bailey explained to the trial court that he did not go to appellant's property to search for marijuana, but rather to let the informant check to see if his pigs were there. Approximately forty marijuana plants were recovered from appellant's property, along with around two-and-a-half pounds of marijuana found in bags in the house.

Appellant moved to suppress the evidence, arguing that the evidence was the result of an illegal search.[1] That motion was denied. Appellant also moved for a directed verdict, arguing that the State failed to prove that he either possessed or had control of the marijuana found at his residence. The trial court denied the motion. Finally, appellant moved for a directed verdict on the basis that there was no proof that he manufactured the marijuana. This motion was also denied.

Appellant testified that he had gone out of town during the time the marijuana was found at his residence and that he was not growing marijuana there before he left. He denied having any signs advertising "pigs for sale." He further claimed that the confidential informant was a "prime suspect in a stream of burglaries and this is how he keeps from going to jail." He claimed that he did not have any of the informant's livestock at his residence.

At the close of all the evidence, appellant's motion to suppress was renewed and denied, as were appellant's motions for directed verdict. The jury found appellant guilty of manufacturing marijuana and sentenced him to four-years' imprisonment in the Arkansas Department of Correction and a fine of $5,000. Appellant filed a timely notice of appeal, and this appeal followed.

I. *Motions for Directed Verdict*

Although appellant raises his challenges to the sufficiency of the evidence in his fourth and fifth points on appeal, double-jeopardy concerns require that this court review them first. *See Morgan v. State,* 2009 Ark. 257, 308 S.W.3d 147. In reviewing a challenge to the sufficiency of the evidence, this court views the evidence in the light most favorable to the State and considers only the evidence that supports the verdict. *Id.* We will affirm a conviction if there is substantial evidence to support it, and substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion without resort to speculation or conjecture. *Id.*

Appellant argues that the trial court erred by denying his motions for directed verdict on the charge of manufacturing marijuana, asserting that the State failed to introduce any direct evidence that he possessed, planted, or cultivated the marijuana found on his property. We affirm because the State was not required to prove literal, physical possession of the growing and harvested marijuana that the police found on appellant's property.

---

1. Appellant's motion to suppress was heard by the trial court on March 10, 2010, and the trial court denied the motion prior to the beginning of trial on July 19, 2010. Appellant renewed his motion to suppress at the conclusion of the State's evidence and at the end of appellant's case and the State's rebuttal witnesses, and it was denied by the trial court each time.

■ It is not necessary for the State to prove literal, physical possession of contraband, and contraband is deemed to be constructively possessed if the location of the contraband was under the dominion and control of the accused. *See Morgan, supra.* "When seeking to prove constructive possession, the State must establish that the defendant exercised care, control, and management over the contraband," and "control can be inferred from the circumstances, such as the proximity of the contraband to the accused, the fact that it is in plain view, and the ownership of the property where the contraband is found." *Ibarra v. State,* 2009 Ark.App. 707, at 5, 2009 WL 3460721.

At trial, the State introduced testimony establishing that marijuana was growing in pots and in the ground in the backyard of the property at 204 Camp Road and that there was a trash bag containing harvested marijuana and several smaller plastic bags containing marijuana in the house. The State also established, through records from the county assessor's office, that appellant was the sole owner of the property and his residence was owner occupied. Substantial evidence supports appellant's conviction for manufacturing marijuana; accordingly, we affirm.

## II. *Motion to Suppress Evidence*

■ Appellant argues that the trial court erred in denying his motion to suppress the evidence taken from his property. In reviewing the circuit court's denial of a motion to suppress, we make an independent determination based on the totality of the circumstances. *Gilbert v. State,* 2010 Ark.App. 857, 379 S.W.3d 774. In doing so, we defer to the circuit court's credibility and weight-of-the-evidence determinations. *Id.* We reverse only if the circuit court's decision is clearly against the preponderance of the evidence. *Id.*

Appellant recites the testimony of Lt. Bailey and claims that his motion to suppress was based upon the four factors in *United States v. Dunn,* 480 U.S. 294, 107 S.Ct. 1134, 94 L.Ed.2d 326 (1987), that identify the extent of the privacy expectation in the curtilage of a residence. Those factors include: the proximity of the area claimed to be curtilage to the home; whether the area is included within an enclosure surrounding the home; the nature of the uses to which the area is put; and the steps taken by the resident to protect the area from observation by people passing by. *Id.* at 301, 107 S.Ct. 1134.

Next, appellant recites the testimony of Corporal Hall, a Malvern police officer, and Corporal Scott Jones of the Hot Spring County Sheriff's Office, who testified that they had been notified by Lt. Bailey, prior to his initial visit to appellant's residence, that marijuana might be growing there. Appellant also contends that his own testimony was that the confidential informant had no livestock on his premises and did not have permission to be there. He argues that his motion to suppress, therefore, should have been granted.

■■ The Fourth Amendment of the United States Constitution and Article 2, section 15 of the Arkansas Constitution identically protect "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures," and the touchstone of analysis under both is whether a person has a reasonable expectation of privacy in the area entered or searched. *See, e.g., McDonald v. State,* 354 Ark. 216, 119 S.W.3d 41 (2003). While dwellings and their curtilage generally are protected, an expectation of privacy in driveways and walkways, which are commonly used by visitors to approach dwellings, generally is not considered reasonable. *E.g., id.* In

this case, Lt. Bailey observed the marijuana in plain view while standing on steps that led from appellant's driveway to hog pens located on a hillside behind appellant's house—an area that would have been used by any person responding to appellant's signs advertising that he had "pigs for sale" on his property. Because appellant, therefore, did not have a reasonable expectation of privacy in the area where Lt. Bailey was standing when he viewed the marijuana, the trial court did not err by denying appellant's motion to suppress the marijuana seized from his property as the fruit of an illegal search.

### III. *Voir Dire Question*

■ Appellant claims that the trial court erred in allowing the prosecutor to question jurors about whether they knew anyone with a hard-drug problem.[2] Appellant contends that the |₇only possible reason for asking a juror this question was to link marijuana to other hard drugs in the jurors' minds. He further argues that, in the absence of testimony from any witness that marijuana is a gateway drug, the prejudice is obvious.

■ "The purposes of voir dire examination are to discover if there is any basis for challenges for cause and to gain knowledge for the intelligent exercise of peremptory challenges." *Hutcheson v. State*, 92 Ark.App. 307, 318, 213 S.W.3d 25, 32 (2005). Further, "the conduct of voir dire is left to the broad discretion of the trial court," and "unless the trial court's discretion is clearly abused, it will not be reversed." *Id.*

The State contends that the prosecutor's question, which followed his successful for-cause challenge to a panel member who declared, "well, I just don't think there's anything wrong with growing a little pot," apparently was designed to explore the remaining panel members' attitudes toward marijuana. Under these circumstances, we hold that the trial court did not abuse its discretion by allowing the prosecutor to ask questions exploring the link between marijuana and the use of hard drugs.

### IV. *Introduction of Evidence*

■ Appellant objected during trial to the State being allowed to introduce a crime-lab submission sheet that was not provided to him during discovery. The trial court overruled appellant's objection, and appellant contends that the ruling was in error because it violated |₈Arkansas Rule of Criminal Procedure 17.1 (2010). Rule 17.1(a) requires that the prosecuting attorney provide to defense counsel certain information upon request, including:

(i) the names and addresses of persons whom the prosecuting attorney intends to call as witnesses at any hearing or at trial;

(ii) any written or recorded statements and the substance of any oral statements made by the defendant or a codefendant;

(iii) those portions of grand jury minutes containing testimony of the defendant;

(iv) any reports or statements of experts, made in connection with the par-

---

**2.** The voir dire referred to by appellant in this point on appeal was not included in the abstract, although the trial court's earlier ruling sustaining appellant's objection regarding gateway drugs is included. We have not directed appellant to cure the deficiency only because we were able to reach the merits of the case in spite of his inadequate abstract. *See* Ark. Sup.Ct. R. 4–2(b). Moreover, we can go to the record to affirm. *See Klines v. State*, 2010 Ark.App. 361, 2010 WL 1710109; *Carroll v. State*, 2009 Ark.App. 610, 2009 WL 3028984.

ticular case, including results of physical or mental examinations, scientific tests, experiments or comparisons;

(v) any books, papers, documents, photographs or tangible objects, which the prosecuting attorney intends to use in any hearing or at trial or which were obtained from or belong to the defendant; and

(vi) any record of prior criminal convictions of persons whom the prosecuting attorney intends to call as witnesses at any hearing or at trial, if the prosecuting attorney has such information.

Additionally, the prosecuting attorney must promptly disclose to defense counsel "any material or information within his knowledge, possession, or control, which tends to negate the guilt of the defendant as to the offense charged or would reduce his punishment therefor." Ark. R.Crim. P. 17.1(d).

 The key in determining if a reversible discovery violation exists is whether the appellant was prejudiced by the prosecutor's failure to disclose. *Lacy v. State*, 2010 Ark. 388, 377 S.W.3d 227. The burden is on the appellant to prove that the discovery violations were sufficient to undermine the confidence in the outcome of the trial. *Id.* Even if a discovery violation has occurred, this court will not reverse, if the error is harmless. *Id.*

Appellant does not argue that the form falls into any specific category outlined by Rule 17.1, but contends that the prosecution is required to cooperate with defense counsel and the trial court must exclude evidence not properly provided to the defense. The evidence-submission form falls into the category of Rule 17.1(a)(v), which includes any document that the prosecuting attorney intends to present at trial. Even though allowing the evidence-submission form was error pursuant to subsection (v), the trial court's error was

harmless. Appellant does not express how he was prejudiced by the trial court's admission of the form. The exhibit at issue is a list of items submitted to the State Crime Laboratory for testing. The report of the crime laboratory's analysis was admitted, and appellant did not dispute the report's conclusions about the composition or weight of the marijuana. Therefore, because no prejudice was demonstrated by admitting a list of items submitted to the crime laboratory, we affirm the trial court's ruling.

## V. *Jury Instruction*

 In his final point, appellant contends that the trial court abused its discretion by refusing to instruct the jury to consider possession of marijuana as a lesser-included offense of manufacturing marijuana. A trial court's ruling on whether to submit jury instructions will not be reversed absent an abuse of discretion. *Cook v. State*, 77 Ark.App. 20, 73 S.W.3d 1 (2002). This Court will affirm a trial court's decision to exclude an instruction on a lesser-included offense if there is no rational basis for giving the instruction. *See id.* Where the defendant relies on the defense of complete denial, there is no rational basis for giving instructions on lesser-included offenses, and the trial court is correct to refuse such instructions. *Id.*

 At trial, appellant completely denied manufacturing marijuana, testifying that none was growing on his property when he left for the Bahamas on July 10, 2009, and asserting that the confidential informant actually planted the marijuana in order to avoid prosecution for "a stream of burglaries." Therefore, because appellant completely denied manufacturing— and possessing—the marijuana that was on his property, we hold that the trial court did not abuse its discretion by refus-

ing to instruct the jury to consider possession of marijuana.

Affirmed.

HART and ABRAMSON, JJ., agree.